UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>J. MACBER, Warden<br><br>　　　　　　Respondent. | CASE NO. 15-cv-0812-H-RBB<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

　　　On April 10, 2015, Petitioner Gregory McKinney, a state prisoner proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges a conviction he received in 2003 for battering a custodial officer while he was incarcerated for an earlier crime. (Id. at 1–2.) On August 24, 2015, Respondent lodged the state-court record and moved to dismiss the petition. (Doc. Nos. 18 & 19.) On November 4, 2015, Petitioner filed a traverse. (Doc. No. 24.) On December 2, 2015, the magistrate judge entered a report and recommendation that recommended dismissing the petition because it is untimely by more than eleven years and Petitioner is no longer in custody for the conviction his petition challenges. (Doc. No. 26.) On February 5, 2016, Petitioner filed objections to the report and recommendation. (Doc. No. 29.) For the reasons set forth below, the Court dismisses the petition for a writ of habeas corpus and denies a certificate of appealability.

# BACKGROUND

On September 18, 2002, while incarcerated for a different crime,[1] Petitioner was charged with one count of battery upon a corrections officer by a person in custody. (Lodg. No. 4.) On December 13, 2002, he pleaded no-contest to felony battery of a custodial officer, a violation of California Penal Code § 243.1. (Lodg. No. 5.) At the plea hearing, Petitioner stated that he was accepting the plea to avoid the possibility of greater penalties, that he had reviewed his options with counsel and understood his rights and the consequences of the plea, and that he had not been coerced. (Lodg. No. 11 at 50–51.) Petitioner stipulated at the hearing that the law-enforcement records summarized in the probation report were an adequate factual basis for the plea. (Id. at 52.) The probation report offers the following account of the incident:

> On October 5, 2000, at approximately 8:35 p.m., personnel of the Centinela State [Prison] were in the process of reassigning the defendant, Greg McKinney to a different cell to accommodate new arrivals when he became defiant, resistive, and combatant [sic]. He was adamant in his refusal to move and was proclaiming his willingness to be housed in the Administrative Segregation Unit. A Lieutenant Thouros ordered inmate McKinney to place his hand behind his back to be handcuffed, and he refused and tried to move around Lieutenant Thomas to re-enter his cell. He was ordered to get down, and McKinney refused grabbing a metal framed chair and attempted to hide behind a laundry cart. He then hoisted the hair above his head, and yelled, "You're going to have to take me to the hole." He then threw the chair at Lieutenant Thomas, who deflected it with a back left arm swing.
>
> A sergeant Butram drew her O.C. Projector and ordered McKinney to get down. He refused, and [she] sprayed him with an O.C. burst. McKinney ignored her command and hoisted the chair above his head and swung it at Lieutenant Thomas who deflected the blow with his left palm. Sergeant Buttram again sprayed McKinney, but he continued his resistance hiding behind the laundry cart again.
>
> Another C.O. became involved and he struck McKinney with his baton on his left lower thigh. McKinney continued to resist refusing to respond to issued orders by staff to get down. A C.O. finally utilized his upper body strength and body weight to force McKinney into a prone position on the floor, and [he] was placed in handcuffs. He continued to violently resist striking his head on the tier floor. He [was] eventually subdued and

---

[1] On September 23, 1998, Petitioner was convicted of second-degree attempted burglary. (Lodg. Nos. 1 & 2.) He was sentenced to twenty-five years to life with the possibility of parole. (Id.) Petitioner is still serving that sentence, which is not the subject of his petition.

> transported to Cental Health for decontamination and treatment. He needed six sutures to close a laceration over his left eyebrow.
>
> Lieutenant Thomas suffered a swollen left hand and complained of pain radiating from hand/wrist to elbow.

(Lodg. No. 6 at 3–4.)

On January 17, 2003, the state court sentenced Petitioner to three years in prison for the battery, to be served concurrently with the sentence he was already serving. (Lodg. No. 8.) Additionally, the court ordered him to pay a mandatory restitution fine of $200 and a parole revocation restitution fine of $200, which was stayed and would be imposed only if parole was revoked.[2] (Id.; Lodg. No. 11 at 40–41.) Petitioner did not appeal. (Doc. No. 1 at 2.)

More than a decade later, in April of 2014, Petitioner filed a petition for a writ of habeas corpus in Imperial County Superior Court. (Lodg. No. 11.) On May 7, 2014, the superior court denied the petition because it was untimely. The order read:

> Petitioner offers no explanation for his delay in filing the petition, which is reason alone for denial. Moreover, a review of the record provided by Petitioner indicates that when he agreed to enter the plea on the eve of trial on December 13, 2002, Petitioner was advised that it would result in a three year sentence, to be served concurrently with his existing sentence. In fact, the transcript from the January 7, 2003 sentencing reveals that on that date Petitioner was sentenced to three years to run concurrently with his existing sentence, such that there was no changed from the agreement articulated on the record on December 7, 2002. In addition, Petitioner has articulated no prejudice, because the sentence was concurrent with his existing sentence.

(Lodg. No. 12.)

On July 2, 2014, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. (Lodg. No. 13.) On July 10, 2014, the court of appeal denied the petition because it was untimely. The order read:

> McKinney fails to establish a basis for the grant of relief because his petition is untimely and does not set forth an exception to the procedural bar or allege good cause for the delay. (In re Clark (1993) 5 Cal. 4th 750, 783, 797–798.) Moreover, McKinney fails to provide any documentary evidence concerning his plea and sentencing or other evidence to support

---

[2] The court noted at Petitioner's change-of-plea hearing that there was no issue of restitution to the victim because the victim was deceased. (Id. at 50.)

> his claims. A petitioner for a writ of habeas corpus bears a heavy burden to plead and prove sufficient grounds for relief. (People v. Duvall (1995) 9 Cal. 4th 464, 474.) The petitioner should include copies of reasonably available documentary evidence supporting the claim. (Ibid.)

(Lodg. No. 14.)

On September 4, 2014, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodg. No. 15.) On January 14, 2015, the California Supreme Court denied the petition because it was untimely. The order read: "The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal.4th 770, 780.)." (Lodg. No. 16.)

Petitioner filed his federal habeas petition in this Court on April 6, 2015. (Doc. No. 1 at 11–13.)[3] His federal petition contains the same claims he asserted in his state petitions: (1) that his defense counsel was ineffective for failing to file pretrial motions and for using misrepresentations to coerce him to accept the plea agreement; and (2) that ordering him to pay restitution violated the plea agreement and was improper because the victim was deceased. (Id. at 5–6.)

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the magistrate judge's report and recommendation, the district court reviews those portions of the report and recommendation de novo. See id.

**A.   Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a one-year limitation period applies to habeas petitions by state inmates, with certain exceptions:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] A pro se federal habeas petition is deemed filed when it is delivered to prison officials to be forwarded to the federal court. See Robinson v. Lewis, 795 F.3d 926, 933 n.6 (9th Cir. 2015).

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under these rules, Petitioner's federal petition was more than a decade late. Petitioner pleaded no-contest on December 13, 2002. (Lodg. No. 5.) He was sentenced on January 17, 2003. (Lodg. No. 8.) He did not appeal. (Doc. No. 1 at 2.) Under Rule 8.308 of the California Rules of Court, his conviction became final sixty days later, on March 18, 2003. Accordingly, AEDPA's one-year limitations period ended on March 18, 2004, eleven years and nineteen days before he filed his federal habeas petition in this Court on April 6, 2015.

Petitioner also did not set forth any colorable basis for statutory or equitable tolling of the deadline. His untimely state petitions did not toll the AEDPA limitations period under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Petitioner asserted in his traverse that state-created impediments extended the deadline, that he did not discover the factual basis for his claims until a date that would have made his petition untimely, and that extraordinary circumstances beyond his control warrant equitable tolling. (Doc. No. 24 at 6.) But he did not provide any factual basis for those assertions or identify any external forces that prevented him from filing on time. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external

forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

Petitioner does not dispute that his petition is untimely. Instead, he asserts that he is excused from compliance with the limitations period under Schlup v. Delo, 513 U.S. 298 (1995), and Bousley v. United States, 523 U.S. 614 (1998), because he is actually innocent. (Doc. No. 29 at 2–4.) Petitioner claims that he was acting in self-defense and that there was insufficient evidence because the victim had passed away by the time he accepted the plea. (Doc. No. 1 at 5.) "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner has not satisfied that requirement. Additionally, the Court notes that Petitioner accepted the plea and stipulated that the facts in the law-enforcement files provided an adequate factual basis for the plea, (Lodg. No. 11 at 52), and that at least four officers were involved in the scuffle, (Lodg. No. 6 at 3–4). Accordingly, the Court dismisses the petition because it is untimely and Petitioner has not established any colorable basis for statutory or equitable tolling or for his claim that he is actually innocent.

**B.   The Custody Requirement**

Under 28 U.S.C. § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Courts have construed this provision to mean that federal courts have jurisdiction over a petition only if the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Bailey v. Hill, 599 F.3d 976, 978–79 (9th Cir. 2010). Physical custody is not always necessary, and courts have found that certain other restraints on liberty not shared by the public generally can support jurisdiction over a habeas petition. See id. at 979. "The boundary that limits the in custody requirement is the line between a restraint on liberty and a collateral

consequence of a conviction." Id. (brackets and internal quotation marks omitted).

While Petitioner is still in custody for his earlier crime, he was not in custody for the battery when he filed his petition in 2015. He was sentenced to serve three years for the battery on January 17, 2003, and the sentence ran concurrently with the sentence he was already serving. (Lodg. No. 8.) Accordingly, his sentence for the battery ended in 2006.

In his objection, Petitioner claims that the battery conviction has prevented him from obtaining relief under the Three Strikes Reform Act of 2012 ("TSRA"), California Penal Code § 1170.126. (Doc. No. 29 at 4.) The TSRA made certain nonviolent offenders with three strikes eligible for resentencing as second-strike offenders. See People v. White, 223 Cal. App. 4th 512, 517 (2014). Similarly, in his traverse, Petitioner argued that he faces collateral consequences as a result of the 2003 battery conviction, including the prospect of harsher punishment at a later date. (Doc. No. 24 at 4–5).

Neither contention establishes that Petitioner is still in custody for the battery conviction. A prisoner is not in custody on an earlier conviction "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." Maleng v. Cook, 490 U.S. 488, 492 (1989). And, even if an expired prior conviction was used to enhance a different sentence, subject to certain exceptions that do not apply here,[4] the expired conviction cannot be challenged in habeas if it "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available." Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001) (internal quotation marks omitted). That is the case here. Petitioner never appealed his battery conviction and his collateral attack is more than a decade too late.

---

[4] The Court in Lackawanna identified three possible exceptions: (1) where there was a failure to appoint counsel for the prior conviction, (2) where the state court, without justification, refused to rule on a properly presented constitutional claim, and (3) where the Petitioner obtained compelling evidence of his actual innocence after the time for direct or collateral review has expired. See 532 U.S. at 404–05.

Even if the Court were to construe the petition as a challenge to the sentence Petitioner is presently serving based on the theory that it was retroactively enhanced by the battery conviction and the TSRA, see Allen v. Oregon, 153 F.3d 1046, 1049–50 (9th Cir. 1998), Petitioner raised that issue for the first time in his objections to the magistrate judge's report and recommendation, and he did not provide any information regarding his current sentence or the status of his request for relief under the TSRA.

Additionally, while Petitioner challenges the court's imposition of restitution fines, fines and orders of restitution are not sufficient to meet § 2254's jurisdictional requirements because they lack a sufficient nexus to custody.  See Bailey, 599 F.3d at 979–81.  Accordingly, the Court dismisses the petition because Petitioner is no longer in custody for the relevant conviction and the time for challenging either of his convictions has long passed.  Because the Court dismisses the petition, the Court also denies Petitioner's request for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the Court denies the petition for a writ of habeas corpus, (Doc. No. 1), and adopts the magistrate judge's report and recommendation, (Doc. No. 26).  The Court also denies a certificate of appealability, as Petitioner has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED:  March 1, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT